MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ (MS-8159)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHAFAYETTE SAKIF, an infant by his Parents
and Natural Guardians, SADIA BEGUM and
MOHAMMED UDDIN, and SADIA BEGUM and         **ANSWER**
MOHAMMED UDDIN, individually,

                                                        FILED ELECTRONICALLY

            Plaintiffs,

                                                       06 Civ. 2719 (DAB) (AJP)

      - against -

UNITED STATES OF AMERICA,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant the United States of America (the "Government") by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint on information and belief as follows:

1.      Paragraph 1 of the Complaint contains plaintiff's characterization of this action, to which no response is required, except that the Government admits that on March 22, 2005, the United States Department of Health and Human Services ("HHS") received three administrative claims filed on behalf of the plaintiffs. The Government further admits that HHS did not dispose of plaintiffs' administrative claims within six months of receipt, and that HHS formally denied plaintiffs' administrative claims in writing on May 19,

2006.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits that on April 13, 2004, plaintiff Sadia Begum gave birth to Shafayette Sakif.

5. Denies the allegations in paragraph 4 of the Complaint, except admits that on April 13, 2004, plaintiff Sadia Begum gave birth to Shafayette Sakif at Bronx-Lebanon Hospital Center ("Bronx-Lebanon"). The Government further admits, for purposes of this action only, that on April 13, 2004, Bronx-Lebanon was deemed an employee of the Public Health Service pursuant to 42 U.S.C. § 233(g).

6. Neither admits nor denies the allegations in paragraph 6 of the Complaint because they constitute statements of law to which no response is required. To the extent a response is required, the Government denies the allegations contained in this paragraph.

7. Denies the allegations in paragraph 7 of the Complaint.

8. Denies the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Responds to the allegations in paragraph 10 of the Complaint by realleging each and every answer and response contained in paragraphs numbered 1 through 10 as if fully set forth herein at length.

11. Denies the allegations in paragraph 11 of the Complaint.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Responds to the allegations in paragraph 14 of the Complaint by realleging each and every answer and response contained in paragraphs numbered 1 through 13 as if fully set forth herein at length.

15. Denies the allegations in paragraph 14 of the Complaint.

16. Denies the allegations in paragraph 15 of the Complaint.

17. The last unnumbered paragraph in the Complaint contains plaintiffs' prayer for relief, to which no response is required.

FIRST DEFENSE

18. Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

SECOND DEFENSE

19. Neither the United States of America nor any of its agents or employees were negligent in any manner nor violated any duty of care owed to plaintiffs.

THIRD DEFENSE

20. The injuries and damages alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of an employee of the United States.

FOURTH DEFENSE

21. In the event the Government is found to be negligent, which negligence the Government denies, the negligence of the plaintiffs contributed to plaintiffs' injuries and any recovery must be proportionately reduced.

## FIFTH DEFENSE

22. Plaintiffs' recovery, if any, is limited to the amount administratively claimed, pursuant to 28 U.S.C. § 2675.

## SIXTH DEFENSE

23. Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, N.Y. Civil Practice Law § 4545(a).

## SEVENTH DEFENSE

24. Plaintiffs are not entitled to a trial by jury against the United States of America, pursuant to 28 U.S.C. § 2402.

## EIGHTH DEFENSE

25. The Complaint fails to state a claim upon which relief can be granted

## NINTH DEFENSE

26. The Court lacks subject matter jurisdiction over portions of the Complaint.

## TENTH DEFENSE

27. Plaintiffs' recovery, if any, is subject to the availability of appropriated funds, pursuant to 42 U.S.C. § 233(k).

Dated: New York, New York
       June 12, 2006

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    Attorney for Defendant United States of America

                          By:   /s/ Matthew L. Schwartz
                                    MATTHEW L. SCHWARTZ (MS-8159)
                                    Assistant United States Attorney
                                    Telephone: (212) 637-1945
                                    Facsimile: (212) 637-2750

TO:   Annamarie Bondi-Stoddard, Esq.
       Pegalis & Erickson, LLC
       1 Hollow Lane
       Lake Success, New York 11042