```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SHAFAYETTE SAKIF, an infant by his parents
and natural guardians, SADJA BEGUM and
MOHAMMED UDDIN, and SADIA BEGUM and
MOHAMMED UDDIN, individually,
                              Plaintiffs,         06   CV   2719
                                                       (AJP)

             -against-                            NOTICE OF
                                                  MOTION
UNITED STATES OF AMERICA,

                              Defendants.
------------------------------------------X
```

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in support of plaintiffs' Motion to Amend the Complaint; the Declaration of Rhonda L. Meyer, dated May 18, 2005, and the accompanying Exhibits; the plaintiffs, by and through their attorneys, Pegalis & Erickson, LLC, will move this Court for the entry of an Order:

1. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, adding BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D., IRIS AMARANTE, M.D., DARA FORESTER, M.D. AND MAURICIO SILVA, M.D. as defendants, amending the amount of damages claimed, and deeming the annexed Supplemental Summons and Amended Complaint served; or in the alternative, granting plaintiffs leave to serve the Supplemental Summons and Amended Complaint;

2. Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, deeming all causes of action as against BRONX LEBANON

HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D. IRIS AMARANTE, M.D., DARA FORESTER, M.D. AND MAURICIO SILVA, M.D. timely based on the relation back doctrine; and,

3. For such other relief as this Court deems just and proper.

DATED: Lake Success, New York
       May 18, 2007,

                                    PEGALIS & ERICKSON, LLC
                                    Attorneys for Plaintiffs

                              By:   /s/ Rhonda L. Meyer
                                    RHONDA L. MEYER
                                    1 Hollow Lane, Ste. 107
                                    Lake Success, New York 11042
                                    Telephone: (516) 684-2900
                                    Facsimile: (516) 684-2939

TO:   MICHAEL J. GARCIA
      United States Attorney for the
      Southern District of New York
      Attention: MATTHEW L. SCHWARTZ
      Assistant United States Attorney
      86 Chambers Street
      New York, New York
      Fax (212)637-2750

      LISA BRONIKOWSKI, ESQ.
      BRONX LEBANON HOSPITAL CENTER
      1650 Selwyn Avenue
      Bronx, New York 10457
      Fax (718)960-1082

      BRONX LEBANON HOSPITAL CENTER
      c/o Risk Management Department
      1650 Selwyn Avenue
      Bronx, New York 10457
      Fax (718)960-1082

LAWRENCE HAM, M.D.
BRONX LEBANON HOSPITAL CENTER
c/o Risk Management Department
1650 Selwyn Avenue
Bronx, New York 10457
Fax (718)960-1082

MARIA EMERSON, M.D.
BRONX LEBANON HOSPITAL CENTER
c/o Risk Management Department
1650 Selwyn Avenue
Bronx, New York 10457
Fax (718)960-1082

IRIS AMARANTE, M.D.
BRONX LEBANON HOSPITAL CENTER
c/o Risk Management Department
1650 Selwyn Avenue
Bronx, New York 10457
Fax (718)960-1082

DARA FORESTER, M.D.
BRONX LEBANON HOSPITAL CENTER
c/o Risk Management Department
1650 Selwyn Avenue
Bronx, New York 10457
Fax (718)960-1082

MAURICIO SILVA, M.D.
BRONX LEBANON HOSPITAL CENTER
c/o Risk Management Department
1650 Selwyn Avenue
Bronx, New York 10457
Fax (718)960-1082

AARONSON, RAPPAPORT, FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendants
BRONX LEBANON HOSPITAL, IRIS AMARANTE, MARIA EMERSON, M.D.,
DARA FORESTER and MAURICIO SILVA, M.D.
757 Third Avenue
New York, NY 10017
Fax (212)593-6970

DWYER & TAGLIA
Attorneys for Defendant
LAWRENCE HAM
111 John Street
New York, NY 10038
Fax (212)227-6050

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
SHAFAYETTE SAKIF, an infant by his parents
and natural guardians, SADIA BEGUM and
MOHAMMED UDDIN, and SADIA BEGUM and
MOHAMMED UDDIN, individually,
                        Plaintiffs,           06 CV 2719
                                              (AJP)
        -against-

UNITED STATES OF AMERICA,

                        Defendants.
------------------------------------------------X
```

MEMORANDUM OF LAW

IN SUPPORT OF PLAINTIFFS' MOTION
TO AMEND THE COMPLAINT AND DEEM
SERVICE AGAINST ALL NEWLY
ADDED DEFENDANTS TIMELY

PEGALIS & ERICKSON, LLC
By: Rhonda L. Meyer
Attorneys for Plaintiffs
1 Hollow Lane, Ste. 107
Lake Success, New York 11042
Telephone: (516) 684-2900
Facsimile: (516) 684-2939

Plaintiffs, SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN ("plaintiffs"), by and through their attorneys, Pegalis & Erickson, LLC, respectfully submit this Memorandum of Law in support of their motion pursuant to Rule 15 of the Federal Rules of Civil Procedure, adding BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D., IRIS AMARANTE, M.D., DARA FORESTER, M.D. and MAURICIO SILVA, M.D. as defendants in this action, amending the amount claimed as damages, deeming the Supplemental Summons and Amended Complaint served and deeming all causes of action as against the newly added defendants timely based on the relation back doctrine.

PRELIMINARY STATEMENT

Plaintiff originally brought an action in Supreme Court, County of Bronx, in October of 2004 and timely served BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D., IRIS AMARANTE, M.D., DARA FORESTER, M.D. and MAURICIO SILVA, M.D. Said defendants sought numerous extensions of time in which to answer based on their assertions that any claims against them were covered under the Federal Tort Claims Act. Such representations were made by counsel in the Risk Management office of BRONX LEBANON HOSPITAL. The Director of Risk Management, Lisa Bronikowski, signed stipulations extending time to answer on behalf of the defendants in that case.

The UNITED STATES OF AMERICA was thereafter sued in Federal Court as plaintiffs had been informed that BRONX LEBANON HOSPITAL

i

and its employees were covered under the Federal Tort Claims Act and that the named defendants had been deemed employees of Federal Government.

This action was commenced against the UNITED STATES OF AMERICA by the service and filing of a Summons on April 7, 2006. Plaintiffs' Complaint alleges negligence in the care and treatment received at BRONX LEBANON HOSPITAL CENTER and its clinics through its agents, servants, employees and/or associates in that they failed to properly manage the prenatal course, labor and delivery and post-delivery course pertaining to the delivery of SHAFAYETTE SAKIF on April 13, 2004. The action was brought in Federal Court following the filing of an administrative claim which has since been denied.

One year after bringing suit in the Federal Court, and after representations have been made by the Department of Health and Human Services that the Federal Tort Claims Act was the exclusive remedy, the United States Attorney for the Southern District of New York informed plaintiff, by letter, dated April 4, 2007, that the Human Resources and Services Administration would only defend conduct which took place within the Women's Health Clinic, thus excluding any of the care rendered in the labor and delivery area and/or the nurseries.

As such, plaintiff now seeks to add the original defendants of

2

the Bronx Supreme Court case to the present action, and asks this Court to deem all causes of action timely.

ARGUMENT

POINT I

THE RELATION BACK DOCTRINE RENDERS THE PARENTS' CAUSE OF ACTION AGAINST THE NEWLY ADDED DEFENDANTS TIMELY.

Rule 15(c) pertaining to relation back of amendments provides as follows:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) <u>the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.</u> (emphasis added)

3

Here, through no fault of the plaintiffs and after extensive litigation, it is the contention of the defendant, UNITED STATES OF AMERICA, that it is not the correct party, but rather that BRONX LEBANON HOSPITAL and its originally named employees are the correct parties. This "mistake" in the proper parties was created through no fault of the plaintiffs. Since plaintiffs alleged a cause of action against correct defendants in the Supreme Court, County of Bronx and said defendants not only received notice but were actually served with the Summons and Complaint and were then represented by an attorney on their behalf, Lisa Bronikowski, who sought numerous extensions of time for them to answer, they had notice and will not be prejudiced. The stipulations extending time to answer included a waiver of any lack of personal jurisdiction affirmative defense.

Plaintiffs, upon representation from the attorney for the BRONX LEBANON HOSPITAL defendants and the UNITED STATE OF AMERICA, timely and appropriately filed an administrative claim pursuant to the Federal Tort Claims Act and ultimately commenced this action.

The UNITED STATE OF AMERICA has now decertified this matter and thus, BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D., IRIS AMARANTE, M.D., DARA FORESTER, M.D. and MAURICIO SILVA, M.D. should be added as defendants in this action. Rule 15(a) of the Federal Rules of Civil Procedure provides an amendment of the pleadings may be made by order of the Court on

motion of any party at any stage of the action and on such terms as are just. Certainly, in light of the Federal Government's refusal to certify all aspects of the case at issue in this matter, the additional defendants are necessary parties. As it is apparent that complete relief may not be accorded to the plaintiffs in this action in the absence of BRONX LEBANON HOSPITAL and its employees, they should be added as parties herein.

While the infant's causes of action are still timely, the parents' cause of action is subject to a two and a half year statute of limitations. Said cause of action was timely as filed against the UNITED STATES and it is respectfully submitted that the cause of action for the parents is timely as against the newly added defendants based on this relation back doctrine. It has been held that where a complaint is amended to include additional defendants after the statute of limitations is run, the amended complaint is not time barred if it relates back to a timely filed complaint. VKK Corporation v. National Football League, 244 F.3d 114 (2nd Circuit, 2001).

> There are thus three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original timely complaint. First, both complaints must arise out of the same conduct, transaction or occurrence. Second, the additional defendant must have been omitted from the original complaint by mistake. Third, the additional defendant must not be prejudiced by the delay.

VKK Corporation v. National Football League, Id., citing Soto v.

5

<u>Brooklyn Correctional Facility</u>, 80F.3d 34, 35-36 (2nd Circuit, 1996). Plaintiffs' Amended Complaint herein meets all three requirements.

First, both the original and amended complaints arise out of the same medical care and treatment at BRONX LEBANON HOSPITAL. Second, the newly added defendants were omitted from the original complaint because of the defendants' mistake concerning the identity of the proper party. Here, this mistake was committed because of the defendants' own conduct in misrepresenting the federal employment status of those who were responsible for care rendered at the hospital. Third, the amended complaint also meets the no prejudice requirement as all the newly added defendants knew that they were the actual parties by virtue of the fact that they were sued in New York State Court. They are also well aware that the only reason they were not named individually in this action was because of misinformation as to their federal employment status which they provided or was provided on their behalf to the plaintiffs herein. Here the newly added defendants were well aware of the causes of the action alleged against them since they were timely served with the Bronx Supreme Court complaint under New York State Law. The original defendants named in the Bronx Supreme Court action, and the risk manager of BRONX LEBANON HOSPITAL (an attorney) represented them and sought numerous extensions of time until they finally and wrongly informed plaintiff's counsel that the Federal Government was the proper party defendant. Further, it

6

is submitted that the defendants knew that an action was commenced against the UNITED STATES government based on their actions, and that they indeed even submitted statements for the investigation of the administrative claim. Plaintiff has knowledge of said statements, but plaintiff is not in possession of same due to an assertion of privilege on behalf of the UNITED STATES OF AMERICA.

In another case, arising here in the Southern District of New York, Judge Griesa, approving a report and recommendation by the United States Magistrate Judge Peck, held that where a claim against a newly added defendant arose out of the same incident referred to in the original complaint, the newly added defendant received notice of the action within the applicable time period, and the company knew or should have known that but for mistake concerning its identity, plaintiff would have commenced the action originally against the newly added defendant, the relation back doctrine applied and all causes of action were timely despite the passage of the limitations period. William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601 (Southern District, New York, 1995).

It is respectfully submitted that the relation back doctrine is even more compelling in this case where it is the actions of newly added defendants themselves which caused them to be excluded from this Federal Court action.

POINT II

PLAINTIFFS SHOULD BE PERMITTED TO AMEND
THE AMOUNT OF DAMAGES CLAIMED.

Plaintiff's original complaint herein, in its first cause of action, on behalf of injuries suffered by the infant plaintiff, SHAFAYETTE SAKIF, set forth a substantial cause of action for damages in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00). By error, the second cause of action, setting forth injuries on behalf of the infant plaintiff based on lack of informed consent (as opposed to medical malpractice) incorrectly alleged that the damages suffered by the infant was only in the amount of five million dollars ($5,000,000.00). Said damages should have been set forth in the same amount as set forth in the first cause of action as the injuries suffered by the infant are one and the same. Plaintiffs are claiming total damages for the infant's injuries in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00).

In the addition, the third cause of action alleged on behalf of each of the parents of the infant plaintiff who will be obligated to expend substantial sums of money for the infant's medical care and treatment, alleged a total amount of damages of one million dollars ($1,000,000.00). The word "each" should have appeared after the amount and thus, plaintiff seeks to amend said amount to be one million dollars ($1,000,000.00) for each of the

8

parents. Each of the parents had demanded in their original administrative claims ten million dollars ($10,000,000.00), thus the defendant is on notice.

The amended complaint of plaintiffs demands judgment of the defendants in the total amount of one hundred two million dollars ($102,000,000.00). Plaintiffs' original complaint, insofar as the total judgment demanded, erroneously stated the amount to be one million and one hundred thousand dollars ($1,100,000.00), substantially less than the amount plaintiff claimed on behalf of the infant plaintiff in the first cause of action.

It is respectfully submitted that the amendment should be allowed so as to reflect the severe injuries suffered by the infant plaintiff herein and to conform to the amounts claimed in the original causes of action.

WHEREFORE, plaintiffs ask that the motion be granted and an Order be entered deeming the annexed amended Summons and Complaint timely served, and deeming all causes of action timely, or, in the alternative, granting leave to serve the Amended Complaint.

Dated: Lake Success, New York
       May 18, 2007

                        PEGALIS & ERICKSON, LLC
                        Attorneys for Plaintiffs

By: *[signature]*
     RHONDA L. MEYER
     1 Hollow Lane, Ste. 107
     Lake Success, New York 11042
     Telephone: (516) 684-2900
     Facsimile: (516) 684-2939

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SHAFAYETTE SAKIF, an infant by his parents
and natural guardians, SADIA BEGUM and
MOHAMMED UDDIN, and SADIA BEGUM and
MOHAMMED UDDIN, individually,
                          Plaintiffs,        06   CV   2719
                                             (AJP)

         -against-                           DECLARATION OF
                                             RHONDA L. MEYER
UNITED STATES OF AMERICA,

                          Defendants.
------------------------------------------X
```

Rhonda L. Meyer, pursuant to 28 U.S.C. Section 1746, declares the following under penalty of perjury:

1. I am an attorney in the office of PEGALIS & ERICKSON, LLC, attorneys for plaintiffs, SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN, ("plaintiffs") in the above-referenced action. I am familiar with the proceedings herein. I make this Declaration in support of plaintiffs' motion to amend the Summons and Complaint to add defendants, BRONX LEBANON HOSPITAL and its employees, LAWRENCE HAM, M.D., MARIA EMERSON, M.D. IRIS AMARANTE, M.D., DARA FORESTER, M.D. AND MAURICIO SILVA, M.D. ("new defendants"), and deeming all causes of action as against said new defendants timely pursuant to the relation back doctrine.

2. Attached hereto as EXHIBIT "A" is a true copy of the Summons and Complaint served and filed on April 7, 2006, as against the UNITED STATES OF AMERICA.

3. Annexed hereto as EXHIBIT "B" is a true and correct copy of the Answer of the UNITED STATES OF AMERICA, dated June 12, 2006.

4. Attached hereto as EXHIBIT "C" is a true and correct copy of plaintiffs' proposed Supplemental Summons and Amended Complaint.

5. Copies of the three Form 95 Tort claims filed on behalf of the plaintiffs on March 17, 2005, are attached as EXHIBIT "D".

6. A copy of the Department of Health & Human Services letter, dated March 23, 2005, acknowledging receipt of the claim and acknowledging the Federal Tort Claims Act as the exclusive remedy, is attached as EXHIBIT "E".

7. A copy of the Department of Health and Human Services' denial of the claims, dated May 19, 2006, is attached as EXHIBIT "F".

8. Attached as EXHIBIT "G" is a copy of the Summons and Complaint which was served upon BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D. IRIS AMARANTE, M.D., DARA FORESTER, M.D. AND MAURICIO SILVA, M.D. and filed in the County of Bronx in November of 2004, along with copies of the Affidavits of Service

upon said defendants in that action.

9. Copies of a request for an extension of time to answer, three stipulations extending the time to answer on behalf of all defendants in the Supreme Bronx case, and letter dated November 29, 2004, of Medical Liability Mutual Insurance Company sent to DR. HAM and copied to all defendants in the Supreme Bronx action are collectively attached as EXHIBIT "H".

10. A copy of the April 4, 2007 letter of Matthew Schwartz, Assistant United States Attorney, stating that the Health and Resources Administration will only certify for care rendered at the Women's Health Clinic is attached as EXHIBIT "I".

11. I declare under the penalty of perjury that the foregoing is true and correct.

DATED: Lake Success, New York
       May 18, 2007

                              PEGALIS & ERICKSON, LLC
                              Attorneys for Plaintiffs

                          By: RHONDA L. MEYER
                              1 Hollow Lane, Ste. 107
                              Lake Success, New York 11042
                              Telephone: (516) 684-2900
                              Facsimile: (516) 684-2939

3