EXHIBIT A

SUMMONS AND COMPLAINT

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN **DISTRICT OF** NEW YORK

SHAFAYETTE SAKIF, an infant by
his Parents and Natural Guardians,
SADIA BEGUM and MOHAMMED UDDIN,
and SADIA BEGUM and MOHAMMED UDDIN,
Individually,

**SUMMONS IN A CIVIL CASE**

V.

UNITED STATES OF AMERICA

CASE NUMBER:

# 06 CV 2719

## JUDGE BATTS

TO: (Name and address of defendant)
DAVID N. KELLY, ESQ.
U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
THE SILVIO J. MOLLO BLDG.,
ONE SAINT ANDREW'S PLAZA
NEW YORK, NEW YORK 10007

ATTORNEY GENERAL,
ANDREW GONZALEZ, ESQ.
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20530-0001

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

PEGALIS & ERICKSON, LLC
1 HOLLOW LANE, SUITE 107
LAKE SUCCESS, NEW YORK 11042

an answer to the complaint which is herewith served upon you, within ____60____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    APR - 7 2006

CLERK                                          DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
SHAFAYETTE SAKIF, an infant by          :
his Parents and Natural Guardians,      :
SADIA BEGUM and MOHAMMED UDDIN,         :
and SADIA BEGUM and MOHAMMED UDDIN,     :
individually,                           :    COMPLAINT
                                        :    CV#
                         Plaintiffs,    :

        -against-              06 CV     2719

UNITED STATES OF AMERICA,

                         Defendant.  :
-----------------------------------X     JUDGE BATTS

        Plaintiffs, SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN,
complaining of the defendant, UNITED STATES OF AMERICA, by their
attorneys, PEGALIS & ERICKSON, LLC, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

        1.    This medical malpractice action arises under the Federal
Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et. seq.    On March
22, 2005, administrative claims were filed with the Department of
Health & Human Services, Claims Branch, PSC/AOS/DAM, Room 5C - 10,
Parklawn Building, 56 Fishers Lane, Rockville, Maryland 20857.  The
claims have not been settled for more than six months.

        2.    Plaintiffs, SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED
UDDIN, currently reside at 1761 Eastburn Ave.,Apt.4C, Bronx, NY
10457-6915.

        3.    Bronx Lebanon Hospital, and its Clinics, and their
agents, partners, servants, employees and/or associates were, at

all times relevant herein, and still are, owned, operated, managed and under the exclusive control of the Department of Health & Human Services, Rockville, Maryland, an agency of the defendant, UNITED STATES OF AMERICA.

4.     That the plaintiffs, MOHAMMED UDDIN and SADIA BEGUM, were, at all relevant times herein, and still are, the parents of the infant plaintiff, SHAFAYETTE SAKIF.

5.     That on or about April 13, 2004, plaintiff, SADIA BEGUM, gave birth to infant plaintiff, SHAFAYETTE SAKIF, at BRONX LEBANON HOSPITAL CENTER and received medical care and treatment provided by agents, servants, partners, employees and/or associates of the defendant, UNITED STATES OF AMERICA, at Bronx Lebanon Hospital and its Clinics.

6.     Defendant, UNITED STATES OF AMERICA, through its agents, servants, partners, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

7.     Defendant, UNITED STATES OF AMERICA, through its agents, servants, partners, employees and/or associates, departed from good and accepted medical care and treatment, and the physicians and other personnel at Bronx Lebanon Hospital and its Clinics, were negligent and careless in said care and treatment, and said care and treatment was not in accordance with good and accepted medical practices then and there existing.

8.     Defendant, UNITED STATES OF AMERICA, through its agents,

servants, employees and/or associates was careless and negligent in that its personnel failed to adequately and properly diagnose, care for, treat and manage the prenatal course, the labor and delivery and post-delivery course, neonatal and pediatric care and treatment concerning such pregnancy and delivery and as such, the infant plaintiff, was allowed, caused and permitted to suffer severe and significant and irreparable injury and damage all of which was avoidable by the exercise of due and reasonable care on the part of the defendant herein without the infant plaintiff or the obstetrical mother being contributorily negligent thereto.

9.    By reason of the above premises, infant plaintiff, SHAFAYETTE SAKIF, was caused to suffer severe and irreparable personal injuries and damages, which were otherwise avoidable by the exercise of due and reasonable care, and as such, infant plaintiff, SHAFAYETTE SAKIF, specifically set forth a substantial cause of action for damages in the amount of One Hundred Million dollars ($100,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS

10.    The plaintiffs repeat, reiterate and reallege each and every allegation set forth in the First Cause of Action as if set forth in full herein.

11.    That at no time was the plaintiff or his parents ever advised, either orally or in writing, of the possible risks and dangers nor the possibility of permanent damage to the infant's

body with regard to the care being rendered to both his obstetrical mother and the infant plaintiff, nor were they ever advised that the infant may suffer severe or personal injuries and damages, and had the defendant or any of its agents, servants, employees and/or associates informed or advised the plaintiffs of the possible risks involved, the plaintiffs would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the infant plaintiff and his obstetrical mother, all of which resulted in damage to the infant plaintiff herein.

12.   That as a result of the foregoing, the infant plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

13.   That by reason of the above premises, the medical care and treatment rendered and afforded to the infant plaintiff, SHAFAYETTE SAKIF, was without first obtaining an informed consent, and, as such, the plaintiffs have been damaged, and set forth a substantial cause of action in the amount of Five Million Dollars ($5,000,000.00).

## AS FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

14.   Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the First Two Causes of Action as if set forth in full herein.

15.   That by reason of the carelessness and negligence of the

defendant, **UNITED STATES OF AMERICA**, individually, jointly and severally, and through its officers, agents, servants, partners, employees and/or associates, plaintiffs, **MOHAMMED UDDIN and SADIA BEGUM**, were deprived of the services, love and affection of their infant, **SHAFAYETTE SAKIFF**, and have been and will be obligated to expend sums of money for his medical care and treatment.

16. That by reason of the foregoing, **MOHAMMED UDDIN and SADIA BEGUM**, have been damaged in a substantial sum of money and sets forth a substantial cause of action for damages in the amount of One Million Dollars ($1,000,000.00).

WHEREFORE, the plaintiffs, **SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN**, demand judgment of the defendant, **UNITED STATES OF AMERICA**, in the total amount of One Million and One Hundred Thousand Dollars ($1,100,000.00).


Dated:     Lake Success, New York
           April 6, 2006

                          Yours, etc.,

                          ANNAMARIE BONDI-STODDARD 0027
                          PEGALIS & ERICKSON, LLC
                          Attorneys for Plaintiff(s)
                          1 Hollow Lane
                          Lake Success, New York 11042
                          (516) 684-2900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
SHAFAYETTE SAKIF, an infant by          :
his Parents and Natural Guardians,      :
SADIA BEGUM and MOHAMMED UDDIN,         :
and SADIA BEGUM and MOHAMMED UDDIN,     :    AFFIDAVIT OF SERVICE BY
individually,                           :    MAIL
                                        :    CV# 06 CV 2719
                          Plaintiffs, :      Judge Batts
                                        :
          -against·                          :

UNITED STATES OF AMERICA,
                          Defendant. :
-------------------------------------X
STATE OF NEW YORK   )
                    )    ss.:
COUNTY OF NASSAU    )

     BONNIE CHRISTENSEN, deposes and says:

     1.    That she is over the age of eighteen (18) years of
age and resides at Elmont, New York.

     2.    That on April 7, 2006, deponent served the within
SUMMONS AND COMPLAINT by depositing a true copy thereof in a
properly sealed, certified mail and return receipt postpaid
envelope, in a post office box regularly maintained by the Post
Office of the United States addressed as follows:

TO:       DAVID N. KELLY, ESQ.
          U.S. ATTORNEY'S OFFICE
          SOUTHERN DISTRICT OF NEW YORK
          THE SILVIO J. MOLLO BLDG.
          ONE SAINT ANDREW'S PLAZA
          NEW YORK, NEW YORK 10007

          ATTORNEY GENERAL
          ANDREW GONZALEZ, ESQ.
          U.S. DEPARTMENT OF JUSTICE
          950 PENNSYLVANIA AVENUE, NW
          WASHINGTON, D.C. 20530-0001

that being the address designated on the latest papers served by
them in this action.

BONNIE CHRISTENSEN

Sworn to before me this
7th day of April, 2006.

Notary Public

IVORY FRANK
Notary Public, State of New York
No.01FR6136542
Qualified in Queens County
Commission Expires November 7, 20 09

EXHIBIT B

ANSWER OF THE UNITED STATES OF AMERICA

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MATTHEW L. SCHWARTZ (MS-8159)
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1945
Fax: (212) 637-2750

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHAFAYETTE SAKIF, an infant by his Parents
and Natural Guardians, SADIA BEGUM and
MOHAMMED UDDIN, and SADIA BEGUM and          **ANSWER**
MOHAMMED UDDIN, individually,

                                             FILED ELECTRONICALLY

                    Plaintiffs,

                                             06 Civ. 2719 (DAB) (AJP)

           - against -

UNITED STATES OF AMERICA,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant the United States of America (the "Government") by its attorney Michael J.

Garcia, United States Attorney for the Southern District of New York, answers the Complaint on

information and belief as follows:

1.     Paragraph 1 of the Complaint contains plaintiff's characterization of this action, to which

       no response is required, except that the Government admits that on March 22, 2005, the

       United States Department of Health and Human Services ("HHS") received three

       administrative claims filed on behalf of the plaintiffs. The Government further admits

       that HHS did not dispose of plaintiffs' administrative claims within six months of receipt,

       and that HHS formally denied plaintiffs' administrative claims in writing on May 19,

2006.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the
      allegations in paragraph 2 of the Complaint.

3.    Denies the allegations in paragraph 3 of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the
      allegations in paragraph 4 of the Complaint, except admits that on April 13, 2004,
      plaintiff Sadia Begum gave birth to Shafayette Sakif.

5.    Denies the allegations in paragraph 4 of the Complaint, except admits that on April 13,
      2004, plaintiff Sadia Begum gave birth to Shafayette Sakif at Bronx-Lebanon Hospital
      Center ("Bronx-Lebanon"). The Government further admits, for purposes of this action
      only, that on April 13, 2004, Bronx-Lebanon was deemed an employee of the Public
      Health Service pursuant to 42 U.S.C. § 233(g).

6.    Neither admits nor denies the allegations in paragraph 6 of the Complaint because they
      constitute statements of law to which no response is required. To the extent a response is
      required, the Government denies the allegations contained in this paragraph.

7.    Denies the allegations in paragraph 7 of the Complaint.

8.    Denies the allegations in paragraph 8 of the Complaint.

9.    Denies the allegations in paragraph 9 of the Complaint.

10.   Responds to the allegations in paragraph 10 of the Complaint by realleging each and
      every answer and response contained in paragraphs numbered 1 through 10 as if fully set
      forth herein at length.

11.   Denies the allegations in paragraph 11 of the Complaint.

12.    Denies the allegations in paragraph 12 of the Complaint.

13.    Denies the allegations in paragraph 13 of the Complaint.

14.    Responds to the allegations in paragraph 14 of the Complaint by realleging each and

every answer and response contained in paragraphs numbered 1 through 13 as if fully set

forth herein at length.

15.    Denies the allegations in paragraph 14 of the Complaint.

16.    Denies the allegations in paragraph 15 of the Complaint.

17.    The last unnumbered paragraph in the Complaint contains plaintiffs' prayer for relief, to

which no response is required.

### FIRST DEFENSE

18.    Plaintiffs' claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C.

§ 2671, *et seq.*

### SECOND DEFENSE

19.    Neither the United States of America nor any of its agents or employees were negligent in

any manner nor violated any duty of care owed to plaintiffs.

### THIRD DEFENSE

20.    The injuries and damages alleged in the Complaint were not proximately caused by a

negligent or wrongful act or omission of an employee of the United States.

### FOURTH DEFENSE

21.    In the event the Government is found to be negligent, which negligence the Government

denies, the negligence of the plaintiffs contributed to plaintiffs' injuries and any recovery

must be proportionately reduced.

3

## FIFTH DEFENSE

22.    Plaintiffs' recovery, if any, is limited to the amount administratively claimed, pursuant to

28 U.S.C. § 2675.

## SIXTH DEFENSE

23.    Plaintiffs' recovery, if any, must be reduced pursuant to the collateral source statute, N.Y.

Civil Practice Law § 4545(a).

## SEVENTH DEFENSE

24.    Plaintiffs are not entitled to a trial by jury against the United States of America, pursuant

to 28 U.S.C. § 2402.

## EIGHTH DEFENSE

25.    The Complaint fails to state a claim upon which relief can be granted

## NINTH DEFENSE

26.    The Court lacks subject matter jurisdiction over portions of the Complaint.

## TENTH DEFENSE

27.    Plaintiffs' recovery, if any, is subject to the availability of appropriated funds, pursuant to

42 U.S.C. § 233(k).

4

Dated: New York, New York
      June 12, 2006

                MICHAEL J. GARCIA
                United States Attorney
                Attorney for Defendant United States of America

       By:   /s/ Matthew L. Schwartz
                MATTHEW L. SCHWARTZ (MS-8159)
                Assistant United States Attorney
                Telephone: (212) 637-1945
                Facsimile:  (212) 637-2750

TO:    Annamarie Bondi-Stoddard, Esq.
        Pegalis & Erickson, LLC
        1 Hollow Lane
        Lake Success, New York 11042

EXHIBIT C

SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SHAFAYETTE SAKIF, an infant by his parents
and natural guardians, SADIA BEGUM and
MOHAMMED UDDIN and SADIA BEGUM and
MOHAMMED UDDIN, individually,

                              Plaintiffs,

        -against-

UNITED STATES OF AMERICA, BRONX LEBANON
HOSPITAL, LAWRENCE HAM, M.D.,
MARIA EMERSON, M.D., IRIS AMARANTE, M.D.,
DARA FORESTER, M.D. and MAURICIO SILVA, M.D.,

                            Defendants.
-------------------------------------------------------------------------X

MAGISTRATE JUDGE PECK

CASE NUMBER:
06 CV 2719

**SUPPLEMENTAL
SUMMONS IN A
CIVIL CASE**

TO:

**MICHAEL J. GARCIA, ESQ.
UNITED STATES ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
ATTN: MATTHEW L. SCHWARTZ
ASSISTANT   UNITED   STATES
ATTORNEY
86 CHAMBERS STREET, FL. 5
NEW YORK, NEW YORK 10007**

**BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

**LAWRENCE HAM, M.D.
BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

**MARIA EMERSON, M.D.
BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

**IRIS AMARANTE, M.D.
BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

**MAURICIO SILVA, M.D.
BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

**DARA FORESTER, M.D.
BRONX LEBANON HOSPITAL
1650 Grand Concourse
Bronx, NY 10457**

       **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF's
ATTORNEY

PEGALIS & ERICKSON, LLC
1 Hollow Lane, Ste. 107
Lake Success, New York  11042

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                      DATE


_____
(BY) DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SHAFAYETTE SAKIF, an infant by          :
his Parents and Natural Guardians,      :
SADIA BEGUM and MOHAMMED UDDIN,         :
and SADIA BEGUM and MOHAMMED UDDIN,     :    **AMENDED**
individually,                           :    **COMPLAINT**
                                        :    **06 CV 2719**
                        Plaintiffs,     :
                                        :
            -against-                   :
                                        :
UNITED STATES OF AMERICA, BRONX         :
LEBANON HOSPITAL, LAWRENCE HAM, M.D.,   :
MARIA EMERSON, M.D., IRIS AMARANTE,     :
M.D., DARA FORESTER, M.D. and           :
MAURICIO SILVA, M.D.,                   :
                                        :
                        Defendant.      :
------------------------------------X

Plaintiffs, **SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN**, complaining of the defendants, **UNITED STATES OF AMERICA, BRONX LEBANON HOSPITAL, LAWRENCE HAM, M.D., MARIA EMERSON, M.D., IRIS AMARANTE, M.D., DARA FORESTER, M.D. and MAURICIO SILVA, M.D.,** by their attorneys, **PEGALIS & ERICKSON, LLC**, respectfully allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

1.    This medical malpractice action arises in whole or part under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, et. seq. On March 22, 2005, administrative claims were filed with the Department of Health & Human Services, Claims Branch, PSC/AOS/DAM, Room 5C - 10, Parklawn Building, 56 Fishers Lane, Rockville, Maryland 20857. The claims have not been settled for more than six months.

2.    Plaintiffs, **SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED**
**UDDIN**, currently reside at 1761 Eastburn Ave.,Apt.4C, Bronx, NY
10457-6915.

3.    **BRONX LEBANON HOSPITAL**, and its Clinics, and their
agents, partners, servants, employees and/or associates were, at
all times relevant herein, and still are, in whole or part owned,
operated, managed and under the exclusive control of the Department
of Health & Human Services, Rockville, Maryland, an agency of the
defendant, **UNITED STATES OF AMERICA**.

4.    At all times hereinafter mentioned, the defendant, **BRONX**
**LEBANON HOSPITAL**, was and still is a hospital corporation or other
entity duly existing pursuant to the laws of the State of New York.

5.    At all times hereinafter mentioned, the defendant,
**LAWRENCE HAM, M.D.**, was and still is a medical doctor duly licensed
to practice his profession in the State of New York.

6.    At all times hereinafter mentioned, the defendant, **MARIA**
**EMERSON, M.D.**, was and still is a medical doctor duly licensed to
practice her profession in the State of New York.

7.    At all times hereinafter mentioned, the defendant, **IRIS**
**AMARANTE, M.D.**, was and still is a medical doctor duly licensed to
practice her profession in the State of New York.

8.    At all times hereinafter mentioned, the defendant, **DARA**
**FORESTER, M.D.**, was and still is a medical doctor duly licensed to
practice her profession in the State of New York.

9.    At all times hereinafter mentioned, the defendant,
**MAURICIO SILVA,   M.D.**, was and still is a medical doctor duly

2

licensed to practice his profession in the State of New York.

10.   That the plaintiffs, **MOHAMMED UDDIN and SADIA BEGUM**, were, at all relevant times herein, and still are, the parents of the infant plaintiff, **SHAFAYETTE SAKIF**.

11.   That on or about April 13, 2004, plaintiff, **SADIA BEGUM**, gave birth to infant plaintiff, **SHAFAYETTE SAKIF**, at **BRONX LEBANON HOSPITAL CENTER** and received medical care and treatment provided by agents, servants, partners, employees and/or associates of the aforesaid defendants at **BRONX LEBANON HOSPITAL** and its Clinics.

12.   The aforesaid defendants through their agents, servants, partners, employees and/or associates, was expected to render standard, proper and careful medical care and treatment, in accordance with good and accepted medical practices, methods, standards and procedures.

13.   The aforesaid defendants through their agents, servants, partners, employees and/or associates, departed from good and accepted medical care and treatment, and the physicians and other personnel at Bronx Lebanon Hospital and its Clinics, were negligent and careless in said care and treatment, and said care and treatment was not in accordance with good and accepted medical practices then and there existing.

14.   The aforesaid defendants through their agents, servants, employees and/or associates was careless and negligent in that their personnel failed to adequately and properly diagnose, care for, treat and manage the prenatal course, the labor and delivery and post-delivery course, neonatal and pediatric care and treatment

3

concerning such pregnancy and delivery and as such, the infant, plaintiff, was allowed, caused and permitted to suffer severe and significant and irreparable injury and damage all of which was avoidable by the exercise of due and reasonable care on the part of the defendant herein without the infant plaintiff or the obstetrical mother being contributorily negligent thereto.

15.    By reason of the above premises, infant plaintiff, **SHAFAYETTE SAKIF**, was caused to suffer severe and irreparable personal injuries and damages, which were otherwise avoidable by the exercise of due and reasonable care, and as such, infant plaintiff, **SHAFAYETTE SAKIF**, specifically sets forth a substantial cause of action for damages in the amount of One Hundred Million dollars ($100,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**

16.    The plaintiffs repeat, reiterate and reallege each and every allegation set forth in the First Cause of Action as if set forth in full herein.

17.    That at no time was the plaintiff or his parents ever advised, either orally or in writing, of the possible risks and dangers nor the possibility of permanent damage to the infant's body with regard to the care being rendered to both his obstetrical mother and the infant plaintiff, nor were they ever advised that the infant may suffer severe or personal injuries and damages, and had the defendant or any of their agents, servants, employees

and/or associates informed or advised the plaintiffs of the possible risks involved, the plaintiffs would not have been lulled into a false sense of security and would never have consented to the treatment rendered to the infant plaintiff and his obstetrical mother, all of which resulted in damage to the infant plaintiff herein.

18.    That as a result of the foregoing, the infant plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a Court and jury in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

19.    That by reason of the above premises, the medical care and treatment rendered and afforded to the infant plaintiff, **SHAFAYETTE SAKIF,** was without first obtaining an informed consent, and, as such, the plaintiffs have been damaged, and set forth a substantial cause of action in the amount of One Hundred Million Dollars ($100,000,000.00).

### AS FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

20.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the First Two Causes of Action as if set forth in full herein.

21.    That by reason of the carelessness and negligence of the aforesaid defendants, individually, jointly and severally, and through their officers, agents, servants, partners, employees and/or associates, plaintiffs, **MOHAMMED UDDIN and SADIA BEGUM,** were

5

deprived of the services, love and affection of their infant, **SHAFAYETTE SAKIFF**, and have been and will be obligated to expend sums of money for his medical care and treatment.

22. That by reason of the foregoing, **MOHAMMED UDDIN and SADIA BEGUM**, have been damaged in a substantial sum of money and set forth a substantial cause of action for damages in the amount of One Million Dollars ($1,000,000.00) each.

WHEREFORE, the plaintiffs, **SHAFAYETTE SAKIF, SADIA BEGUM and MOHAMMED UDDIN**, demand judgment of the defendants in the total amount of One Hundred Two Million Dollars ($102,000,000.00).

Dated:    Lake Success, New York
          May 18, 2007

                    PEGALIS & ERICKSON, LLC
                    Attorneys for Plaintiffs


By:    RHONDA L. MEYER
       1 Hollow Lane, Ste. 107
       Lake Success, New York 11042
       Telephone: (516) 684-2900
       Facsimile: (516) 684-2939

6