EXHIBIT D

FORM 95 TORT CLAIMS

Case 1:06-cv-02719-AJP   Document 20   Filed 05/18/2007   Page 1 of 17

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVEE OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

1. Submit To Appropriate Federal Agency:

   Dept. of Health & Human Services
   Claims Branch, PSC/AOS/DAM
   Room 5C - 10, Parklawn Building
   56 Fishers Lane
   Rockville, MD 20857

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Cod

   Shafayette Sakif, an infant by his parents and natu guardians, Sadia Begum and Mohammed Uddin, by their attorneys Pegalis & Erickson, LLC, 1 Hollow Lane, S 107, Lake Success, NY 11042. The clients reside at E. Byrne Avenue, Apt. 4C, Bronx, NY 10457-6915.

| 3. TYPE OF EMPLOYMENT MILITARY CIVILIAN | 4. DATE OF BIRTH 4/13/04 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT See Rider | 7. TIME (A.M. OR P.M) See Rider |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, thi place of occurrence and the cause thereof) (Use additional pages if necessary.)

   Sadia Begum, the infant claimant's mother, received prenatal care through the OB/GYN Clinic at Bronx Lebanon Hospital, 165 Grand Concourse, Bronx, New York 10457. The in was born at Bronx Lebanon Hospital and received subsequent care there. See Rider.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

   Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

   Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATI NAME OF INJURED PERSON OR DECEDENT

   As a result of the negligence and medical malpractice concerning the care and treatment rendered to this infant and his obstetrical mother, this infant claimant was caused to sustain severe and significant an brain injury which was evidenced by a failure to breathe at the time of birth and Apgar scores of 0/0/3 respectively at and 10 minutes. The infant has been confined to a hospital facility since his birth and has sustained severe and signifi central nervous system damage and will never be able to meet any of his milestones physically, emotionally, socially, an intellectually. He will require 24 hour care and treatment for his entire life. He will never be employed.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Maria Emerson, M.D., Lawrence Ham, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and all others who were present in the labor and delivery room concerning the birth of this infant. | Bronx Lebanon Hospital 1650 Grand Concourse Bronx, NY 10457 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Not applicable. | $100,000,000.00 | | $100,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) /MST SADIA BEGUM | 13b. Phone number of signatory 718-583-7903 | 14. DATE OF CLAIM 3/17/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not le than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C. 287.) |

95-108                NSN 7540-00-634-4046                STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable                              PRESCRIBED BY DEPT. OF JUSTICE
                                                          28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*. The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all Items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementary regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.   No

**Named Insured:   Sadia Begum**
**Medicaid ID No.:   TB55119B**
**Card No.:         600486 8812 2551 193 02**

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance?   Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989-241-175

RIDER FOR CHILD - SHAFAYETTE SAKIF

6. Date and Day of Accident

During a continuous course of treatment during the prenatal course, labor, delivery, perinatal, neonatal and pediatric care of this infant who was born on 4/13/04.

7. Time

At all such times of day when care and treatment was rendered to the infant and his obstetrical mother by Bronx Lebanon Hospital personnel.

8. Basis of Claim

There was a failure on the part of medical care providers who were treating the obstetrical mother during the prenatal course to appropriately diagnose and treat elevated maternal glucose levels. There was a failure to assess fetal size; there was a failure to have a plan and scheme of management; there was a failure to appropriately treat gram positive beta strep; there was a failure to have appropriate personnel with appropriate training and qualifications to treat and care for the mother and infant during the prenatal labor, delivery and postnatal care; there was a failure to timely admit the patient upon her presentation to the hospital; there was a failure to appropriately assess fetal wellbeing; there was a failure to appreciate fetal heart decelerations; there was a failure to appropriately ascertain the location of the umbilical cord; there was a failure to appropriately and timely monitor the mother during this labor; there was a failure to have a qualified obstetrician present at the delivery; there was a failure to have an attending present ast the delivery; there was a failure to appreciate and treat a shoulder dystocia; there was a failure to timely and appropriately perform a cesarean section; there was failure to timely and appropriately perform an episiotomy; those delivering the infant negligently and carelessly allowed, caused and permitted this labor to continue and allowed, caused and permitted the infant to become stuck in the birth canal; there was a failure to oxygenate the infant; there was a failure to have appropriate personnel present to treat the baby upon its delivery; there was an inappropriate traumatic delivery of this infant; this infant was allowed, caused and permitted to suffer hypoxia and anoxia; delivering physicians allowed, caused and permitted the cord to become entrapped; there was a failure to

appreciate a nuchal cord; there was a failure to reduce a nuchal cord; there was inappropriate maneuvers to deliver this infant; there was a failure to appropriately perform a McRoberts and/or Woods Maneuver; there was a failure to appropriately position the patient; there was a failure to appropriately apply suprapubic pressure; there was a failure to appreciate a 5 minute deceleration of the fetal heart beat prior to delivery to 70 beats per minutes and there was a failure to appropriately appreciate a repeated 5 minute deceleration down to 50 beats per minute and there was a failure to appreciate a low fetal heart rate of 90 beats per minute for a prolonged period of time. There was a failure to have a pediatrician and neonatologist present in the delivery room to appropriately intubate and resuscitate this infant. Those involved with the labor and delivery of this infant include the following: Maria Emerson, M.D., Lawrence Ham, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and others whose names appear in the medical records for these patients and who identities are unknown to the claimant at this time. Claimant anticipates further details will be discovered regarding the negligent care and treatment rendered to this obstetrical mother and this infant claimant upon appropriate discovery. Claimant also maintains that all treatment was without an informed consent.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Dept. of Health & Human Services<br>Claims Branch, PSC/AOS/DAM<br>Room 5C - 10, Parklawn Building<br>56 Fishers Lane<br>Rockville, MD 20857 | Sadia Begum, by her attorneys Pegalis & Erickson LLC, 1 Hollow Lane, Suite 107, Lake Success, NY 11042. The client resides at 1761 E. Byrne Avenue, Apt. 4C, Bronx, NY 10457-6915. |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| MILITARY   CIVILIAN | 2/10/78 | Married | See Rider | See Rider |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Sadia Begum received prenatal and obstetrical care through the OB/GYN Clinic at Bronx Lebanon Hospital and the Obstetrical Department at Bronx Lebanon Hospital, 165 Grand Concourse, Bronx, New York 10457 which resulted in the birth of the infant claimant, Shafayette Sakif. See Rider.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See Rider.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Maria Emerson, M.D., Lawrence Ham, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and all others who were present in the labor and delivery room concerning the birth of this infant. | Bronx Lebanon Hospital<br>1650 Grand Concourse<br>Bronx, NY 10457 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Not applicable. | $20,000,000.00 | | $20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| MST SADIA BEGUM | 718-583-7003 | 2/17/05 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108    NSN 7540-00-634-4046    STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable    PRESCRIBED BY DEPT. OF JUSTICE
                                 28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond.* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number.    No

    **Named Insured: Sadia Begum**
    **Medicaid ID No.: TB55119B**
    **Card No.:        600486 8812 2551 193 02**

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code)    No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

RIDER FOR MOTHER - SADIA BEGUM

6. Date and Day of Accident

During a continuous course of treatment during the prenatal course, labor, delivery, perinatal, neonatal and pediatric care of this infant who was born on 4/13/04.

7. Time

At all such times of day when care and treatment was rendered to the infant and his obstetrical mother by Bronx Lebanon Hospital personnel.

8. Basis of Claim

There was a failure on the part of medical care providers who were treating the obstetrical mother during the prenatal course to appropriately diagnose and treat elevated maternal glucose levels. There was a failure to assess fetal size; there was a failure to have a plan and scheme of management; there was a failure to appropriately treat gram positive beta strep; there was a failure to have appropriate personnel with appropriate training and qualifications to treat and care for the mother and infant during the prenatal labor, delivery and postnatal care; there was a failure to timely admit the patient upon her presentation to the hospital; there was a failure to appropriately assess fetal wellbeing; there was a failure to appreciate fetal heart decelerations; there was a failure to appropriately ascertain the location of the umbilical cord; there was a failure to appropriately and timely monitor the mother during this labor; there was a failure to have a qualified obstetrician present at the delivery; there was a failure to have an attending present ast the delivery; there was a failure to appreciate and treat a shoulder dystocia; there was a failure to timely and appropriately perform a cesarean section; there was failure to timely and appropriately perform an episiotomy; those delivering the infant negligently and carelessly allowed, caused and permitted this labor to continue and allowed, caused and permitted the infant to become stuck in the birth canal; there was a failure to oxygenate the infant; there was a failure to have appropriate personnel present to treat the baby upon its delivery; there was an inappropriate traumatic delivery of this infant; this infant was allowed, caused and permitted to suffer hypoxia and anoxia; delivering physicians allowed, caused and permitted the cord to become entrapped; there was a failure to

appreciate a nuchal cord; there was a failure to reduce a nuchal cord; there was inappropriate maneuvers to deliver this infant; there was a failure to appropriately perform a McRoberts and/or Woods Maneuver; there was a failure to appropriately position the patient; there was a failure to appropriately apply suprapubic pressure; there was a failure to appreciate a 5 minute deceleration of the fetal heart beat prior to delivery to 70 beats per minutes and there was a failure to appropriately appreciate a repeated 5 minute deceleration down to 50 beats per minute and there was a failure to appreciate a low fetal heart rate of 90 beats per minute for a prolonged period of time. There was a failure to have a pediatrician and neonatologist present in the delivery room to appropriately intubate and resuscitate this infant. Those involved with the labor and delivery of this infant include the following: Maria Emerson, M.D., Lawrence Ham, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and others whose names appear in the medical records for these patients and who identities are unknown to the claimant at this time. Claimant anticipates further details will be discovered regarding the negligent care and treatment rendered to this obstetrical mother and this infant claimant upon appropriate discovery. All treatment was without an informed consent.

10. Nature and Extent of Injury

That by reason of the carelessness and negligence of the Bronx Lebanon Hospital, individually, jointly and severally and through its agents, servants, employees and/or associates, the claimant, Sadia Begum, has been deprived of the services of the infant claimant, Shafayette Sakif, and has been and will be obliged to expend sums of money for his medical care and treatment. By reason of the foregoing, the claimant, Sadia Begum, individually, has been damaged in a substantial sum of money.

That by reason of the carelessness and negligence of Bronx Lebanon Hospital herein individually, jointly and severally and through its agents, servants, employees and/or associates, SADIA BEGUM was caused to sustain severe and significant emotional distress, injuries and damages as a result of the inappropriate and negligent medical care and treatment rendered to her and her infant at the time of his birth. That by the reason of the foregoing, SADIA BEGUM, individually, has been damaged in a significant sum of money.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Dept. of Health & Human Services Claims Branch, PSC/AOS/DAM Room 5C - 10, Parklawn Building 56 Fishers Lane Rockville, MD 20857 | Mohammed Uddin, by his attorneys Pegalis & Erickson, LLC, 1 Hollow Lane Suite 107, Lake Success, NY 11042. The client resides at 1761 E. Byrne Avenue Apt. 4C, Bronx, NY 10457-6915. |

| 3. TYPE OF EMPLOYMENT MILITARY CIVILIAN | 4. DATE OF BIRTH 6/4/72 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT See Rider | 7. TIME (A.M. OR P.M) See Rider |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Mohammed Uddin has a derivative claim for loss of services and medical expenses concerning injuries and damages sustained by his son at or around the time of his birth Safayette Sakif, an infant and Sadia Begum, the claimant's mother herein received medical care and treatment through the OB/GYN Clinic and other departments at Bronx Lebanon Hospital 165 Grand Concourse, Bronx, New York 10457. See Rider.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not applicable.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

Not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See Rider.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Maria Emerson, M.D., Lawrence Ram, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and all others who were present in the labor and delivery room concerning the birth of this infant. | Bronx Lebanon Hospital 1650 Grand Concourse Bronx, NY 10457 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Not applicable. | $10,000,000.00 | | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) [signature] | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108 Previous editions not usable     NSN 7540-00-634-4046     STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2

PRIVACY ACT NOTICE.

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*. The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | Yes, if yes give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. | No |
|---|---|---|

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

| 19. Do you carry public liability and property damage insurance? | Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) | No |
|---|---|---|

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989-241-175

RIDER FOR FATHER - MOHAMMED UDDIN

6. Date and Day of Accident

During a continuous course of treatment during the prenatal course, labor, delivery, perinatal, neonatal and pediatric care of this infant who was born on 4/13/04.

7. Time

At all such times of day when care and treatment was rendered to the infant and his obstetrical mother by Bronx Lebanon Hospital personnel.

8. Basis of Claim

There was a failure on the part of medical care providers who were treating the obstetrical mother during the prenatal course to appropriately diagnose and treat elevated maternal glucose levels. There was a failure to assess fetal size; there was a failure to have a plan and scheme of management; there was a failure to appropriately treat gram positive beta strep; there was a failure to have appropriate personnel with appropriate training and qualifications to treat and care for the mother and infant during the prenatal labor, delivery and postnatal care; there was a failure to timely admit the patient upon her presentation to the hospital; there was a failure to appropriately assess fetal wellbeing; there was a failure to appreciate fetal heart decelerations; there was a failure to appropriately ascertain the location of the umbilical cord; there was a failure to appropriately and timely monitor the mother during this labor; there was a failure to have a qualified obstetrician present at the delivery; there was a failure to have an attending present ast the delivery; there was a failure to appreciate and treat a shoulder dystocia; there was a failure to timely and appropriately perform a cesarean section; there was failure to timely and appropriately perform an episiotomy; those delivering the infant negligently and carelessly allowed, caused and permitted this labor to continue and allowed, caused and permitted the infant to become stuck in the birth canal; there was a failure to oxygenate the infant; there was a failure to have appropriate personnel present to treat the baby upon its delivery; there was an inappropriate traumatic delivery of this infant; this infant was allowed, caused and permitted to suffer hypoxia and anoxia; delivering physicians allowed, caused and permitted the cord to become entrapped; there was a failure to

appreciate a nuchal cord; there was a failure to reduce a nuchal cord; there was inappropriate maneuvers to deliver this infant; there was a failure to appropriately perform a McRoberts and/or Woods Maneuver; there was a failure to appropriately position the patient; there was a failure to appropriately apply suprapubic pressure; there was a failure to appreciate a 5 minute deceleration of the fetal heart beat prior to delivery to 70 beats per minutes and there was a failure to appropriately appreciate a repeated 5 minute deceleration down to 50 beats per minute and there was a failure to appreciate a low fetal heart rate of 90 beats per minute for a prolonged period of time. There was a failure to have a pediatrician and neonatologist present in the delivery room to appropriately intubate and resuscitate this infant. Those involved with the labor and delivery of this infant include the following: Maria Emerson, M.D., Lawrence Ham, M.D., Iris Amarante, M.D., Dara Forester, M.D., Mauricio Silva, M.D. and others whose names appear in the medical records for these patients and who identities are unknown to the claimant at this time. Claimant anticipates further details will be discovered regarding the negligent care and treatment rendered to this obstetrical mother and this infant claimant upon appropriate discovery. The treatment rendered was also without an informed consent.

10. Nature and Extent of Injury

That by reason of the carelessness and negligence of Bronx Lebanon Hospital, individually, jointly and severally and through its agents, servants, employees and/or associates, the claimant, Mohammed Uddin, has been deprived of the services of the infant claimant, Shafayette Sakif, and has been and will be obliged to expend sums of money for his medical care and treatment. By reason of the foregoing, the claimant, Mohammed Uddin, individually, has been damaged in a substantial sum of money.

EXHIBIT E

DEPARTMENT OF HEALTH & HUMAN SERVICES

LETTER - DATED MARCH 23, 2005

Room 5G-10 Parklawn Building
5600 Fishers Lane
Rockville, Maryland 20857
(301) 443-1995
(301) 443-8514 (FAX)

March 23, 2005

Refer to: 05-0168, 0169 & 0170

Annamarie Bondi-Stoddard, Esquire
PEGALIS & ERICKSON, LLC
1 Hollow Lane, Suite 107
Lake Success, New York 11042

RE: Sadia Begum and Mohammed Uddin, parents and natural guardians of Shafayette Sakif, and Sadia Begum, individually, and Mohammed Uddin, individually

Dear Ms. Bondi-Stoddard:

This will acknowledge receipt of your clients' claims (3) and one copy of pertinent medical records for personal injury as the result of medical treatment rendered mother and baby by employee(s) of the Bronx-Lebanon Hospital Center, a subgrantee of Bronx-Lebanon Integrated Services System, Inc., (BLISS, Inc.). Your clients' claims were received in this office on March 22, 2005 for consideration and reply.

The Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. 233 (g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995 Public Law No. 104-73, 42 U.S.C. 201, provides that the **Federal Tort Claims Act is the exclusive remedy for injuries, including death, caused by employees of a deemed community health center** which occurred on or after January 1, 1993 **or when the Health Center was deemed eligible for coverage.** The above named health center was deemed eligible for FTCA coverage on January 1, 2004. Therefore, your clients' claims have been appropriately filed in this office with regards to the deemed health center and its employees for the time period beginning January 1, 2004.

Please forward any additional substantiating evidence directly to this office at the address listed above. <u>Two copies</u> of medical records pertaining to the child's current medical condition should be forwarded to us as soon as possible.

When the medical review is completed by an appropriate specialist, you will be notified in writing. However, should the six month statute expire before the completion of the medical review, you may consider the claims deemed denied and file suit in the appropriate U.S. District Court (45 C.F.R. 35.2(b) and 28 U.S.C. 2675 (a)).

EXHIBIT F

DEPARTMENT OF HEALTH & HUMAN SERVICES

LETTER - DATED MAY 19, 2006



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 Independence Avenue, S.W.
Rm. 4760 Wilbur J. Cohen Federal Building
Washington, DC 20201

MAY 19 2006

CERTIFIED-RETURN
RECEIPT REQUESTED

Annamarie Bondi-Stoddard, Esquire
PEGALIS & ERICKSON, LLC
1 Hollow Lane
Lake Success, NY 11042

Re: Administrative Tort Claim of Sadia Begum and Mohammed Uddin, Individually and as Natural Parents and Guardians of Shafayette Sakif
Claim Nos. 05-0168, 0169 and 0170

Dear Ms. Bondi-Stoddard:

On March 17, 2005, you filed an administrative claim on behalf of your clients, Sadia Begum and Mohammed Uddin, individually and as natural parents and guardians of Shafayette Sakif, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80. The administrative claim alleges that as a result of negligent management of Ms. Begum's labor and delivery at Bronx-Lebanon Hospital Center on April 13, 2004 your clients incurred personal injuries.

This letter constitutes the notice of final determination on the claim, in accordance with 28 U.S.C. § 2401(b). On April 7, 2006, you filed suit in the United States District Court, Southern District of New York, on behalf of Sadia Begum and Mohammed Uddin, individually and as natural parents and guardians of Shafayette Sakif. Accordingly, your clients' administrative claim is denied.

I am required by law to inform you that if your clients are dissatisfied with this determination, they are entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of the mailing of this determination. 28 U.S.C. § 2401(b).

Very truly yours,

*Lisa Barsoomian (by RB)*

Lisa Barsoomian
Deputy Associate General Counsel
Claims and Employment Law Branch