UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHAFAYETTE SAKIF, an infant by his parents       06 CV 2719
and natural guardians. SADIA BEGUM and            (AJP)
MOHAMMED UDDIN, and SADIA BEGUM and
MOHAMMED UDDIN,

                        Plaintiffs

                  -against-

UNITED STATES OF AMERICA,

                       Defendant.
------------------------------------------------------------------x

## PRELIMINARY STATEMEMT

Dr. Lawrence Ham opposes the plaintiffs' motion in terms of both the request to name him in an Amended Complaint and the premature effort to preclude him from asserting a statute of limitations defense before he has even appeared. The claimed reliance on the tolling provision allowed under the "relation back" doctrine embodied under F.R.C.P. § 15(c) is misplaced. More importantly, the plaintiffs offer no basis for the exercise of subject matter jurisdiction over Dr. Ham (a resident of New York State). Indeed, the original predicate for Federal jurisdiction appears lacking.[1]

---

[1] The submission of this memorandum should not be taken as concession of the Court's jurisdiction over Dr. Ham (personal or subject matter) given that he is not a party to any Federal proceeding and has not yet appeared.

## POINT I

### THE PLAINTIFFS CAN NOT SATISFY THEIR BURDEN WITH RESPECT TO ANY OF THE THREE (3) REQUIREMENTS NEEDED TO TOLL THE STATUTE OF LIMITATIONS UNDER THE RELATION BACK DOCTRINE.

**A.   Applicable Law.**

A claim arising out of medical care rendered at a private hospital would not ordinarily be allowed in Federal Court, so it can only be based upon the invocation of Supplemental Jurisdiction under 28 U.S.C. § 1367(c)(2) (discussed below).  Thus, all substantive issues, including a tolling or claimed tolling of the statute of limitations, should be governed by New York Law (C.P.L.R. § 203[b]).[2]  See: Board of Regents v. Tomanio, 446 U.S. 478, 100 S. Ct. 1790 (1980).

Whether viewed under New York statute (C.P.L.R. § 203[b]) or Federal Procedural Rules (F.R.C.P. § 15[c]), the plaintiffs bear the burden of proof with respect to each element of this exception.  See: Austin v. Interfaith Medical Center, 264 A.D.2d 702, 703, 694 N.Y.S.2d 730, 732 (2nd Dept. 1999); Kaczmarek v. Benedictine Hospital, 176 A.D.2d 1183, 1184, 575 N.Y.S.2d 617, 618 (3rd Dept. 1991); and Stewart v. Philadelphia Housing Authority, 2007 WL. 1462187 (E.D. Pa. 2007).

---

[2]  C.P.L.R. § 203(b) provides that a "claim is commenced [when] a claim is interposed against the defendant or a codefendant united in interest."

2

In order to invoke this doctrine, New York Law imposes a three (3) prong test which requires the plaintiffs to show:  **i)** the claims against the new party (Dr. Ham) arise out of the same conduct, transaction or occurrence as that alleged against the previously named party (USA); **ii)** the new party (Dr. Ham) is united in interest with a prior named defendant (USA) such that their defense rises and falls together; and **iii)** the new party (Dr. Ham) was not named in a timely fashion due to a mistake as to his identity.  See:  Buran v. Coupal, 87 N.Y.2d 173, 638 N.Y.S.2d 405, 661 N.E.2d 978 (1995); Porter v. Kingsbrook Ob/Gyn Associates, P.C., 209 A.D.2d 497, 498, 618 N.Y.S.2d 837, 838-839 (2nd Dept., 1994); and Vanderburg v. Brodman, 231 A.D.2d 146, 660 N.Y.S.2d 438, 439 (2nd Dept. 1994).

Even VKK Corp. v. National Football League (cited by plaintiffs) holds that the application of F.R.C.P. § 15(c) requires a similar three-prong showing, including that:  **i)** the new and old claims must arise out of the same conduct, transaction or occurrence; ii**)** the newly named defendant must have known that it was omitted from the original complaint by mistake; and **iii)** the lack of prejudice arising from the belated amendment.  See also:  Schiavone v. Fortune, 477 U.S. 21, 106 S. Ct. 2379, 2380 (1986) (imposing a four-prong test including actual notice to the new defendant within the period of limitations).

The plaintiffs cannot satisfy any of these requirements under either standard. Thus, the proposed amendment should not be allowed.

**B.     Identity of Claims/Unity of Interest.**

The pleadings, proposed pleadings and Notice of Claim, render it clear that there is a major difference – both temporally and substantively -- between the claims being made against the USA and the ones that the plaintiffs seek to assert against Dr. Ham.  According to the pleadings filed in State Court and the proposed pleadings included within the plaintiffs' motion, the intended case against Dr. Ham is premised upon the delivery of the infant-plaintiff at Bronx Lebanon Hospital.  In fact, the date of the delivery (April 13, 2004) is the only one mentioned in it.   However, according to the plaintiffs' Notice of Claim (actually entitled Claim for Damage, Injury or Death, dated March 17, 2005), the USA is being charged with multiple acts of medical negligence during the mother's prenatal care rendered at a Federally-funded clinic (in terms of the failure to assess maternal diabetes and fetal size; the failure to address a maternal condition known as Group B strep; and other vague references to the prenatal course).  It was these allegations that formed the basis for Federal jurisdiction (discussed below).  However, the plaintiffs' counsel conceded on the record during a conference on April 5, 2007 that "most, if not all, of our claims of malpractice" are based upon hospital care (i.e., the labor/delivery).  Thus, identity of interest does not exist.

The rationale for the relation back doctrine is based upon the (fictitious) presumption that the rights of a belatedly named defendant (Dr. Ham) are protected where a party "united in interest" (USA) is sued in a timely manner since that

4

defendant will investigate the case and conduct discovery in the other party's absence. Connell v. Hayden, 83 A.D.2d 30, 41-42, 443 N.Y.S.2d 383 (2nd Dept. 1981) and Grossman v. NYCH&H Corp., 178 A.D.2d 323, 578 N.Y.S.2d 135 (1st Dept. 1991). It does not exist, and there is no unity of interest, where "different claims are asserted, with different defenses assertable." Grossman v. NYCH&H, 178 A.D.2d 328, 578 N.Y.S.2d 138.

The USA has asserted no less than ten (10) affirmative defenses, including many not available to Dr. Ham. Clearly, the USA's interest is different. It may have been defending the prenatal care, but it had no concern over the labor/delivery for which it cannot be held liable. Indeed, the U.S. Attorney's Office represented Dr. Ham at a deposition at which its concern was limited to the former.

**C.    Mistaken Identity.**

The plaintiffs were aware of Dr. Ham's involvement from the outset. Their "mistake", had to do with whether their claims were covered under Federal Law. They cannot cite to just any mistake, but rather bear the burden of establishing that but for a mistake as to Dr. Ham's identity, he would have been named in the initial Complaint. See: Berg v. John J. Mather Memorial Hospital, 131 A.D.2d 618, 516 N.Y.S.2d 702 (2nd Dept. 1987) and Tucker v. Lorieo, 291 A.D.2d 261, 738 N.Y.S.2d 33 (1st Dept. 2002).

In Tucker v. Lorieo, the doctrine was held inapplicable to the naming of a physician even though there was a "unity of interest" between him and the hospital

5

since the failure to name him in a timely manner was "not due to a mistake," but rather the result of the plaintiff's failure to make efforts to identify him. 291 A.D.2d 261, 738 N.Y.S.2d 35-36. Similarly, in <u>Berg v. John J. Mather Memorial Hospital</u>, the doctrine was similarly disallowed where the newly added doctor's name was clearly identified in the record. 131 A.D.2d 618, 516 N.Y.S.2d 703.

**D.     Prejudice.**

The assertion that no prejudice exists merely because Dr. Ham knew about this suit ignores that an Assistant U.S. Attorney (Matthew L. Schwartz, Esq.) represented him and a number of other prospective defendants at their respective depositions. Dr. Ham had privileged conversations with the U.S. Attorney's Office which has apparently decided to revisit the issue of whether Dr. Ham and others are covered employees under the Federal Tort Claims Act with the resulting effect of making them codefendants with conflicting interests.

The assertion that a Risk Manager at Bronx Lebanon Hospital sought extension of time in the State Court action has no bearing on Dr. Ham, who is not employed by the hospital. Regardless, the plaintiffs chose to abandon that suit to pursue one in Federal Court.

## POINT II

### THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER DR. HAM ON THE CLAIMS ADVANCED IN THE PROPOSED AMENDED COMPLAINT OR THOSE SET FORTH AGAINST THE USA.

**A.   Original (FTCA) Jurisdiction**.

Since the Federal District Court has limited (statutory) jurisdiction, there is a presumption against its invocation and the plaintiffs bear the burden of establishing the elements needed to invoke it. Jones v. United States of America, 305 F.Supp.2d 1200, 1207 (Kan. D.C. 2004).

The basis for Federal jurisdiction, as cited in the initial Complaint, was the FTCA (28 U.S.C. §§ 1346[b] and 2671). However, whereas the plaintiffs' Notice of Claim raised specific claims (cited above) relating to the prenatal care (rendered at a Federally-funded clinic), the Complaint alleged that the USA was liable for negligence in the management of a labor/delivery at a private hospital (Bronx Lebanon) on April 13, 2004. Furthermore, as noted above, the plaintiffs' counsel effectively conceded during the April 5, 2007 conference that the claims are based solely upon hospital care. This ended the basis for jurisdiction over the USA (if it

7

ever existed).[3]

**B.  Supplemental Jurisdiction.**

Since the claims which the plaintiffs seek to advance against Dr. Ham arise out of hospital-based care not covered under the FTCA, the only jurisdictional basis for them would be under the concept of Supplemental Jurisdiction provided under 28 U.S.C. § 1367(a).  The Proposed Amended Complaint makes no assertion of such jurisdiction.  Rather, like the initial Complaint, it seeks to invoke jurisdiction over Dr. Ham based upon the FTCA.  However, for the reasons urged above, the plaintiffs are relegated to relying on Supplemental Jurisdiction which cannot exist if there was no basis for the original assertion of Federal (FTCA) jurisdiction.  Porter v. Hirsch, 345 F.Supp.2d 400 (S.D.N.Y. 2004); Cushing v. Moore, 970 F.2d 1103, 1106 (2nd Cir. 1992); Virgilio v. Motorola, Inc., 307 F. Supp. 504 (S.D.N.Y. 2004); and Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996).

The test is whether the jurisdictional basis alleged in the first instance (FTCA) was viable.  ZB Holdings, Inc. v. White 144 F.R.D. 42 (S.D.N.Y. 1992).  Thus, putting aside the lack of pleading, Supplemental Jurisdiction must be denied if (as argued above) there was no valid basis to invoke FTCA jurisdiction against the USA.

Even in terms of the discretionary retention of Supplemental Jurisdiction

---

[3]  The USA's ninth affirmative defense asserts that the Court lacks subject matter jurisdiction.

allowed under 28 U.S.C. § 1367, such should not be allowed given that it appears that the FTCA will be dismissed or dropped, and given the aforementioned on-the-record concession which renders it an understatement that the state claims "predominate" over the jurisdiction-conferring (FTCA) claims. 28 U.S.C. § 1367(c)(2-3).  See: <u>Purgess v. Sharrock</u>, 33 F.3d 134, 138 (2nd Cir. 1994); and <u>Giordano v. City of New York</u>, 274 F.2d 740, 754 (2nd Cir. 2001).  In light of the on-the-record concession that there are no claims respecting the prenatal care, such jurisdiction should not be allowed.

## **CONCLUSION**

The plaintiffs had no basis to sue the USA over a cause of action arising out of care rendered at a private hospital.  They certainly have no basis to add Dr. Ham under either the guise of FTCA jurisdiction or Supplemental Jurisdiction.  They also have not sustained their burden with respect to tolling the statute of limitations.

Dated:   May 25, 2007
         New York, New York

                                          _____
                                          Peter R. Taglia, Esq.